IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3020-FL

|                       |   |       |
|-----------------------|---|-------|
| LACY LEE WILLIAMS,    | ) |       |
|                       | ) |       |
| Plaintiff,            | ) |       |
|                       | ) |       |
| v.                    | ) | ORDER |
|                       | ) |       |
| C. SANDERS, et al.,   | ) |       |
|                       | ) |       |
| Defendants.           | ) |       |
|                       | ) |       |

Plaintiff Lacy Lee Williams (hereinafter "plaintiff") brought this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's amended pleading submitted in response to this court's April 30, 2009 order directing him to particularize his complaint. The matter is ripe for adjudication.

Plaintiff originally brought this action against defendants C. Sanders (hereinafter "defendant Sanders"), Captain Williams (hereinafter "defendant Williams"), Captain Teasley (hereinafter "defendant Teasley"), Lieutenant Scarborough (hereinafter "defendant Scarborough"), Lieutenant McCrae (hereinafter "defendant McCrae"), Lieutenant Meredith (hereinafter "defendant Meredith"), Lieutenant Locklear (hereinafter "defendant Locklear"), Captain Alford (hereinafter "defendant Alford"), Sergeant Champion (hereinafter "defendant Champion"), Lieutenant Burt (hereinafter "defendant Burt"), Sergeant Lucas (hereinafter "defendant Lucas"), Sergeant Bryant (hereinafter "defendant Bryant"), Sergeant Gethers (hereinafter "defendant Gethers"), Sergeant Jones (hereinafter "defendant Jones"), Mr. Clark (hereinafter "defendant Clark"), and F. Gunter (hereinafter "defendant

Gunter"). In its April 30, 2009 order, this court directed plaintiff to specifically name the injury stemming from each defendant's actions or inactions and the alleged facts to support his claim. Plaintiff responded to this court's request. The court now must conduct a frivolity review of plaintiff's claim. See 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." Id.

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The Prisoner Litigation Reform Act (hereinafter "PLRA") allows the court to dismiss a prisoner's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(g) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

2

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This subsection is known as the "three strikes" provision of the PLRA.

At least three previous cases filed by plaintiff have been dismissed as frivolous. Williams v. Polk, 5:04-CT-144-FL (E.D.N.C., dismissed 4/19/04); Williams v. Wake County Jail, 5:07-CT-3169-H (E.D.N.C., dismissed 2/29/08); Williams v. Wake County Jail, 5:07-CT-3167-D (E.D.N.C., dismissed 3/03/08). Under section 1915(g), an inmate may proceed with an action despite having filed three or more frivolous complaints if he shows that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Plaintiff alleges in his amended pleading that defendants exposed plaintiff to feces through the ventilation system from September 7, 2008 through September 13, 2008 at the Wake County Jail. (Am. Compl. p. 2.) In order to invoke the imminent danger exception to the section 1915 "three strikes" provision, a prisoner must seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 313-15 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Gholson v. Commonwealth of Virginia, No. 7:06-CV-00276, 2006 WL 1288313, at * 2 (W.D. Va. May 5, 2006) (unpublished). Allegations that the prisoner faced imminent danger in the past are not sufficient to meet the imminent danger requirement. Abdul-Akbar, 239 F.3d at 314-15; Johnson v. Warner, 2006 WL 2711957, 200 Fed. Appx. 270, 272 (4th Cir. Sept. 22, 2006). Instead, "the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff's allegations focus on an isolated past incident. None of plaintiff's allegations allege that he is in imminent danger. Nor was he in imminent danger when he filed this action on January

3

30, 2009 because the alleged incident occurred in September of 2008. In any event, plaintiff was transferred from the Wake County Jail, and he currently is housed at Central Prison. <u>See</u> www.doc.state.nc.us/. Accordingly, he currently is not under any threat of imminent danger at Wake County Jail , nor was in imminent danger at the time he filed his complaint. For these reasons, section 1915(g) does not permit plaintiff to proceed as a pauper in this action.

Because plaintiff has not demonstrated that he is under imminent danger of serious physical injury, this action is DISMISSED without prejudice pursuant to § 1915(g).

SO ORDERED, this the 15 day of June, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

4